UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Trustees of Sheet Metal Workers Local )
No. 1 Welfare Trust, )
              Plaintiff )
               )
  v. )      Case No. 08-1023
               )
Pekin Climate Control Ltd., )
              Defendant )

**ORDER**

In this case, which is set for a final pretrial conference on October 11, 2011, the Plaintiff has filed a motion in limine (#32) and a motion to strike (#35). Responses to those motions were due on September 26. No responses were filed. Pursuant to Local Rule 7.1, this Court presumes there is no opposition to the motions and rules without further notice to the parties.

**MOTION IN LIMINE** #32

In the motion in limine, Plaintiff asks the Court to bar testimony, evidence, argument or mention of settlement negotiations, or the lack thereof, between these parties. Pursuant to Fed.R.Evid. 408, that motion is GRANTED. The parties are barred from making any reference whatsoever, in questioning, testimony, or evidence, to any matter related to settlement negotiations, or the lack thereof, between these parties.

**MOTION TO STRIKE** #35

When the complaint in this case was initially filed, it consisted of three Counts, each seeking enforcement of a judgment that had been entered in an earlier case. Two of the Counts arose under ERISA, with the third arising under Illinois law. Following a motion to dismiss, an amended complaint was filed. This complaint consisted of six counts, three arising under ERISA and three

arising under the Illinois Uniform Fraudulent Transfers Act. In its answer to the amended complaint, Defendant made a jury demand. Plaintiff now asks the Court to strike that jury demand.

By Plaintiff's motion (Doc. #33) and Order of Sept. 12, 2011 (Doc. #37), the three counts arising under the Illinois statute were voluntarily dismissed, leaving only the ERISA counts, Counts I, II and III. Those three remaining counts arise under ERISA's provision that plan fiduciaries, such as the Plaintiff in this case, may seek relief for violations of the terms of a plan or to enforce the terms of the plan or to enforce ERISA's provisions. 29 U.S.C. 1132(a)(3)(B).

The Seventh Circuit has ruled that there is no right to a jury trial under this section of ERISA. See, Patton v. MFS/Sun Life Fin. Distribs., 480 F.3d 478, 484 (7th Cir. 2011); McDougall v. Pioneer Ranch Ltd. P'ship, 494 F.3d 571, 575-76 (7th Cir. 2007). Courts from all eleven Circuits agree. See cases cited in Zuckerman v. United of Omaha Life Ins. Co., - F.Supp. 2d -, Case No. 09-4819, 2011 WL 2173629, May 31, 2011 (N.D.Ill.).

Accordingly, the motion to strike is GRANTED. The jury demand is stricken, and the trial set for Nov. 21, 2011, will be a bench trial.

ENTERED ON  September 27, 2011

                                       s/ John A. Gorman

                                  JOHN A. GORMAN
                          UNITED STATES MAGISTRATE JUDGE